UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL J. DEWITT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:22-CV-P269-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| LOUISVILLE METRO DEPARTMENT OF CORRECTIONS, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This is a *pro se* civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the Complaint, [R. 1], pursuant to 28 U.S.C. § 1915A and on a motion filed by Plaintiff, [R. 8]. For the reasons set forth below, the Court will dismiss Plaintiff's claims without prejudice and will deny his motion as moot.

## I. Initial Screening Pursuant to 28 U.S.C. § 1915A

### A. Plaintiff's Allegations

Plaintiff is incarcerated as a pretrial detainee at Louisville Metro Department of Corrections (LMDC). Plaintiff makes the following allegations in the Complaint:

> On Saturday July 24, 2021, between 6 pm and 11 pm at [LMDC] . . . the SORT team used excessive force on me while I was handcuffed behind my back and shackled around my ankles, one of the officers grabbed me by the shackles while I was on my stomach on the ground with no shirt on and started dragging me across the floor, four officer (sic) then put me in a four man carrie (sic) facing the floor one officer on each arm one on each leg, on the way out of the cell one of the officers kneed me in the face. As officers continued to carrie me across the day room an officer discharged an $O_2$ pepper ball gun hitting me in the face with fragments from misdirect fire, at this point I was still in shackles and handcuffed behind back and now could not see due to $O_2$ pepper ball. SORT then put me in a body wrap and put me in a restraint chair while they were strapping in the chair an officer put hands around my neck and started [choking] me until I lost consciousness. I then woke up in chair to an officer knuckle rasping my sternum.

> I was cuffed to chair behind back with arms wrenched up at 45 [degree] angle and moved to west hold and left for 2 hours wit (sic) arms left wrenched up behind back in extreme pain and discomfort, distress and suffering. The nurse came and noted contusions around neck, my public defender came and took pictures of contusions the next day. LMDC has violated my right to be safely housed while awaiting pre-trial in their facility. I now have nightmares and PTSD from this incident. I asked for names of all CO's involved and were denied these records.

[R. 1, pp. 4–5]. Plaintiff seeks damages and asks that the Court "[d]ismiss cases being held on." *Id.* at 6.

In the caption of the Complaint, Plaintiff lists LMDC as the sole Defendant. In the "Defendant(s)" section of the Complaint, he additionally lists "CO's unknown" employed as "SORT Team" at LMDC. [R. 1, p. 2]. In that same section, Plaintiff indicates that these unknown officers are being sued in their official capacity only. *Id.* The Court therefore understands that Plaintiff brings his claims against LMDC and unknown officers of LMDC's SORT Team in their official capacity.

### B. Standard of Review

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review and dismiss a complaint, or any portion of a complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *see generally McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citation omitted). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (citation omitted). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (citation omitted).

**C. Plaintiff's § 1983 Claims**

"Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). Two elements are required to state a claim under § 1983. *Id.* (citations omitted). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

In the present case, Plaintiff does not specify a constitutional right that has been violated, though he does allege that "LMDC has violated [his] right to be safely housed while awaiting pre-trial in their facility." [R. 1, p. 5]. From this and the other allegations in the Complaint, the Court construes the Complaint as asserting excessive-force claims under the Fourteenth Amendment. *See generally Kingsley v. Hendrickson*, 576 U.S. 389 (2015) (recognizing that it is the Fourteenth Amendment that applies to pretrial detainee excessive-force claims).

However, Defendant LMDC, a municipal department, is not suable under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (explaining that the county's police department was not an entity that could be sued and the county was the proper party); *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (explaining that a jail is not an entity subject to suit under § 1983). Rather, the municipality itself, here the Louisville Metro Government, is the proper Defendant. *See Matthews*, 35 F.3d at 1049; *see generally Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, Plaintiff's official-capacity claims against the "SORT Team" officers are actually against the officers' employer, which is also the Louisville Metro Government. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978))). Generally, "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* (citation omitted).

Even treating this as a suit against Louisville Metro Government, Plaintiff's allegations would still fail to state a § 1983 claim. When a § 1983 claim is made against a municipality, like the Louisville Metro Government, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) (citations omitted). The Court need only address the second prong here.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell.*, 436 U.S. at 691; *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (Brennan, J., concurring) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the Complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. The Complaint, therefore, fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Plaintiff's § 1983 claim against LMDC and his official-capacity claims against the "SORT Team" officers must be dismissed for failure

to state a claim upon which relief may be granted. Accordingly, the Court will dismiss Plaintiff's Complaint, [R. 1], without prejudice to his right to file a complaint that alleges that a wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government, or that lists the *individual officers* (not "SORT Team" generally) in their individual capacities.

**II. Plaintiff's Motion, [R. 8]**

Plaintiff has also submitted a filing, styled as a "Motion." *See generally* [R. 8]. It states that "a change of Request is being Asked Above of this said Court. Following under claim 28 U.S.C. §§ 2241, 2254, 2255." *Id.* at 2. It further provides, "Due to mental issues and physical abuse this Request has been Found Accurate and Reasonable. Request of the plaintiff $1,740,000,000 to be Awarded/granted at the expense of the Defendant." *Id.* Attached to this filing is a single page from the § 1983 complaint form used by pro se litigants, specifically, the page listing the requested relief. *Id.* at 3. On this page, Plaintiff indicates that he wants the Court to "award money damages in the amount of $1,000,000,000"; "grant injunctive relief by leinantcy (sic)/dismissal of current case"; and "award punitive damages in the amount of $1,740,000,000." *Id.*

First, it is not clear exactly what relief Plaintiff seeks through this motion, and the Court will deny it as moot given its dismissal of the Complaint under § 1915A. Further, to the extent this filing was an attempt to amend the Complaint, it is not clear exactly what amendments Plaintiff seeks to make, and Plaintiff has not attached a proposed amended complaint that is cumulative and complies with Federal Rule of Civil Procedure 8. *See Stewart v. Classickle, Inc.*, No. 3:08CV-25-H, 2007 WL 2908751, at *1 (W.D. Ky. Oct. 4, 2007) (denying motion to amend where the plaintiff did not attach a proposed amended complaint and "the Court is unsure what claims he is seeking to amend"). Additionally, to the extent Plaintiff seeks to pursue habeas claims under 28 U.S.C.

§§ 2241, 2254, and/or 2255, he must use the appropriate forms, which are available from the Clerk's Office upon request.

Accordingly, because the Court is dismissing Plaintiff's Complaint under § 1915A, and because Plaintiff's "Motion" does not properly seek to amend the Complaint, the Court will deny that motion, [R. 8], as moot.

## III. Conclusion

For the foregoing reasons, **IT IS ORDERED** as follows:

1. Plaintiff's Complaint, [**R. 1**], is **DISMISSED without prejudice**.

2. Plaintiff's "Motion," [**R. 8**], is **DENIED as moot**.

3. This matter is **STRICKEN** from the Court's active docket.

4. A separate judgment shall follow.

This the 24th day of March 2023.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

Claria Horn Boom

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Plaintiff, *pro se*
Jefferson County Attorney
A958.011